Per Curiam.

Was the form of the verdict submitted to and received from the jury by the trial court, containing the phrase, “guilty of grand larceny in the manner and form as he stands charged in the indictment,” improper and prejudicially erroneous to the defendant? No objection was made in the trial court to the form of the verdict submitted to the jury.
The phrase, “grand larceny,” is used in the verdict although there is no such crime in Ohio. The larceny statute, Section 2907.20, Revised Code, fixes the punishment based on the value of the property stolen.
The value statute, Section 2945.75, Revised Code, provides in part:
“When an indictment or information charges an offense against property by larceny * * *, if the value thereof determines the degree of the offense or the punishment, the jury on conviction shall ascertain and declare in their verdict the value of such property.”
This court, in the case of Armstrong v. State, 21 Ohio St., 357, in construing the value statute in the form in effect at that time (1871), held that a general verdict of guilty,' without stating the value of the property stolen, was insufficient, and a judgment rendered on such verdict was subject to reversal.
In the instant case,, which is distinguishable on the facts *83 from the Armstrong case, the indictment sets out the value of the goods allegedly stolen by defendant as $300, and defendant, through his counsel, conceded, during the course of the trial, that the goods alleged to have been stolen were worth $300. The jury returned a verdict finding defendant guilty of the offense of “grand larceny” as charged in the indictment. The jury having been advised by defense counsel that the typewriters were worth $300, evidence on that point was not necessary.
Section 2945.83, Revised Code, provides in part:
“No motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court because of:
i Í # # #
“(E) Any other cause unless it appears affirmatively from the record that the accused was prejudiced thereby or was prevented from having a fair trial.”
How could the defendant be prejudiced by the verdict of “grand larceny” as returned by the jury, when, in effect, he admitted that, if the jury should find him guilty of larceny, such offense would merit punishment under the higher value set out in the larceny statute. The terms, “grand larceny” and “petit larceny, ’ ’ are not defined by statute in Ohio but are descriptive of common-law offenses and are so generally used by courts and the public to designate degrees of the offense of larceny that a court will take judicial notice of their meaning.
Section 2945.83 (E), Revised Code, was considered in the case of State v. Glaros, 170 Ohio St., 471, wherein it is stated in the opinion at page 480:
“We have been referred to no decision of this court holding that a judgment of conviction can be reversed for a cause that would necessarily represent a ‘cause’ within the meaning of Section 2945.83 (E), Revised Code, where such cause was not complained of at a time when counsel had an opportunity to call it to the attention of the trial court in time to avoid or prevent it and where it does not affirmatively appear from the record that defendant was prejudiced thereby.”
A similar situation is presented in the instant case. Here counsel admitted in open court the value of the goods alleged to have been stolen. The form of the verdict, which contained *84 the phrase, “guilty of grand larceny, in the manner and form as he stands charged in the indictment,” and did not call upon the jury to stipulate the value of the property stolen, was read to the jury in the presence of counsel. No objection to this form of verdict, which did not conform to the statute, was made by anyone.
Under the circumstances of this case, it cannot be said that defendant was not accorded a fair trial, or that he was prejudiced by the submission of the form of verdict.
Therefore, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taft, Matthias, Crawford, O’Neill and Griffith, JJ., concur.
Crawford, J., of the Second Appellate District, sitting by designation in the place and stead of Herbert, J.